No. 16-4149

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

KELLI GRAY; DANE SCOTT; SCOTT BOOLEN;
JOEL FINCH; KIRK D. MILLER,
Interested Parties – Appellants,

v.

MARTHA VASSALLE, ET AL.
Plaintiffs,

MIDLAND FUNDING LLC; MIDLAND CREDIT MANAGEMENT, INC.;
ENCORE CAPITAL GROUP, INC.,
Defendants – Appellees.

ON APPEAL FROM THE U.S. DISTRICT COURT FOR THE NORTHERN
DISTRICT OF OHIO AT TOLEDO

BRIEF OF APPELLANTS

Kirk D. Miller
Kirk D. Miller, P.S.
421 W. Riverside Ave, Ste 660
Spokane, WA 99201
(509) 413-1494
Counsel for Appellants

# TABLE OF CONTENTS

I.   STATEMENT OF JURISDICTION ................................................................4

II.  STATEMENT OF ISSUES ............................................................................4

III. STATEMENT OF THE CASE .......................................................................5

IV.  SUMMARY OF THE ARGUMENT ..............................................................8

V.   ARGUMENT...................................................................................................9

   A. Standard of Review ......................................................................................9

   B. The Injunction Does Not Bar the Claims in the Proposed Amended Complaint......................................................................................................9

   C. The Trial Court's Contempt Finding Should Be Reversed..........................16

VI.  CONCLUSION .............................................................................................16

VII. ADDENDUM................................................................................................19

# TABLE OF AUTHORITIES

**Cases**

*Glover v. Johnson,* 934 F.2d 703 (6th Cir.1991) ........................................................9
*Grace v. Ctr. for Auto Safety,* 72 F.3d 1236 (6th Cir.1996) ................................9, 16
*Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543 (6th Cir. 2006)........................9
*Pelzer v. Vassalle*, 655 Fed. Appx. 352 (6th Cir. 2016) ................... 7, 12, 13, 15, 17
*Riley v. Kurtz*, 361 F.3d 906 (6th Cir. 2004) ..........................................................12
*Rolex Watch U.S.A., Inc. v. Crowley,* 74 F.3d 716 (6th Cir. 1996) ..........................9
*Telling v. Bellows-Claude Neon Co.*, 77 F.2d 584 (6th Cir. 1935) ..........................9
*TMW Enterprises, Inc. v. Fed. Ins. Co.*, 619 F.3d 574 (6th Cir. 2010) ...................12
*Vassalle v. Midland Funding LLC*, 708 F.3d 747 (6th Cir. 2013)............................6

**Statutes**

RCW 5.45.020..........................................................................................................15

**Other Authorities**

28 U.S.C. § 1291 .......................................................................................................4
28 U.S.C. § 1331 .......................................................................................................4

**Rules**

FRE 803(6)..............................................................................................................15

## I. STATEMENT OF JURISDICTION

The district court possessed subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291. The district court entered its final order, finding and holding that the *Gray* Plaintiffs and their counsel violated the injunction and were in contempt on September 30, 2016. Order Re: Injunction and Contempt, R. 312, Page ID #6005-6012. Notice of appeal on behalf of the *Gray* plaintiffs and their counsel was timely filed on October 5, 2016. Notice of Appeal, R. 316, Page ID #6028-6030.

## II. STATEMENT OF ISSUES

1. Whether the Appellants' motion for leave to file an amended complaint in the Eastern District of Washington violated the permanent injunction in the case below, that was previously affirmed and explained by this Court.

2. Whether an asserted cause of action against Midland's[1] attorneys in a *proposed* amended complaint, alleging that the attorneys deliberately altered thousands of Midland affidavits for use in debt collection lawsuits, without the knowledge or consent of the person who signed the affidavit, is contemplated, covered, and prohibited by the injunction.

---

[1] Because they are related corporations, all claiming the benefit of the injunction, Midland Funding LLC; Midland Credit Management, Inc., and Encore Capital Group, Inc., are collectively referred to herein as "Midland". Distinctions between the related entities may be drawn when necessary.

3. If the Court answers either or both above issues in the affirmative, then whether district court properly found the *Gray* plaintiffs and counsel in contempt for asserting the new claim in a proposed amended complaint and moving the court for leave to file it.

### III.   STATEMENT OF THE CASE

The *Gray* plaintiffs filed their case in 2009 in the Eastern District of Washington, alleging many of the same factual claims regarding the robo-signing of documents by the Midland defendants as were alleged in the *Brent*/*Vassalle* cases. In addition to the overlapping claims, the *Gray* plaintiffs also asserted claims against Midland for failing to properly licensed under Washington law and filing lawsuits against Washington residents after the statute of limitations expired.  In 2011, the *Gray* plaintiffs learned of the first settlement agreement approved by Judge Katz in Northern District of Ohio, which enjoined parallel litigation on claims related to <u>Midland's affiants falsely attesting to having personal knowledge of individual accounts.</u>  Also in 2011, after conducting depositions of Midland affiants and employees of the Suttell & Hammer[2] law firm ("Suttell"), the *Gray* plaintiffs filed a notice of intent to amend their complaint to add allegations that the law firm, through

---

[2] Suttell and a number of its current and former attorney employees are defendants in the *Gray* case.  Suttell is one of the Washington debt collection law firms that contracted with Midland to file thousands of Midland Funding lawsuits against Washington State residents.

its attorneys and employees, systematically altered the Midland affidavits after they were received from Midland in their Washington offices.

Several objectors, including Ms. Gray, appealed the approval of the nationwide settlement to this Court. On February 26, 2013, this Court "held that the district court abused its discretion both in approving the settlement and in certifying the nationwide settlement class", vacated the judgment certifying the class, and remanded the case for further proceedings. *Vassalle v. Midland Funding LLC*, 708 F.3d 747, 760 (6th Cir. 2013). After the case was remanded, the Midland defendants entered into another nationwide settlement agreement with Vassalle on behalf of a nation-wide class. On October 14, 2014, Judge Katz issued a judgment and order certifying the settlement class and approving the release. Unlike the first release that was rejected by this Court, the second agreement and release extended to Midland's attorneys for any action "arising out of or relating to the use of affidavits in debt collection lawsuits brought by defendants, where the affidavit used was executed by a person who lacks personal knowledge of the facts stated in the affidavit." Order Re: Injunction and Contempt, R. 312, Page ID #6006. Several objectors again appealed the approval of this final order. Gray did not object or participate in the second appeal. It is undisputed the *Gray* plaintiffs did not opt out of the settlement.

On February 2, 2015, the *Gray* plaintiffs filed a Motion for Leave to File a Second Amended Complaint in the Eastern District of Washington. The Proposed

Second Amended Complaint[3] alleged in relevant part that Midland's attorneys altered Midland's employees' affidavits, without the affiants' knowledge or consent, after the affidavits were received by the law firm.  *Gray* Proposed Second Amended Complaint, R. 295-1, Page ID #5776.  On March 23, 2015, the Midland defendants filed a motion for order to show cause why the *Gray* plaintiffs should not be held in contempt for violating the injunction.  Defendants' Motion to Enforce, R. 295, Page ID #5750-5767.  Eastern District of Washington stayed its ruling on the Motion for Leave to File Amended Complaint until the Northern District of Ohio ruled on the motion for contempt.  Judge Katz[4] reserved ruling on the motion for contempt until this Court ruled on the second appeal.  Order, R. 298, Page ID #5889.

On July 7, 2016, this Court affirmed the Final Approval Order entered by Judge Katz and further clarified the scope of the release and injunction.  *Pelzer v. Vassalle*, 655 Fed. Appx. 352 (6th Cir. 2016).  The Midland defendants thereafter proceeded with their motion for contempt.  Following briefing and oral argument, Judge Zouhary held that the allegations in the *Gray* plaintiffs' Proposed Second

---

[3] The second amended complaint was filed as an attachment to a motion for leave to file the amended complaint.  The *Gray* plaintiffs were requesting permission from the court in Eastern District of Washington to amend the complaint.  The motion for leave was not heard before the finding of contempt was entered and the amended complaint was never independently filed, apart from the motion for leave. The Judges in the *Gray* case never addressed the viability of the amended complaint in the context of the injunction.

[4] Judge Zouhary substituted for Judge Katz in this case after the Midland defendants filed their motion for order to show cause re: contempt.

Amended Complaint were barred by the injunction and that the *Gray* plaintiffs were in contempt of court for having filed and not withdrawn the Proposed Second Amended Complaint. Order Re: Injunction and Contempt, R. 312, Page ID #6005-6012. After fully complying with Judge Zouhary's order to withdraw the Proposed Second Amended Complaint under threat of additional sanctions, the *Gray* plaintiffs filed this appeal. Notice of Appeal, R. 316, Page ID #6028.

## IV.   SUMMARY OF THE ARGUMENT

The cause of action at issue in the Proposed Second Amended Complaint specifically addresses the attorneys' acts of altering affidavits after the affidavits were produced, assembled, executed by the Midland employees, and mailed to the defendant law firm. This behavior was not contemplated in any previous settlement agreement and is not barred by the plain language of the release. To the extent that there was ambiguity in the scope of the release, this Court addressed and ruled on the scope of the release by holding that it only extended to claims that the affidavits were executed without personal knowledge of the account information. Allegations that attorneys altered the affidavits after they were sent to the law firms for use in collection lawsuits, whether or not they were originally executed by affiants without knowledge, is well beyond this Court's analysis of the scope of the release. The Northern District of Ohio court erred in holding the *Gray* plaintiffs and counsel in contempt both because the release does not cover the new allegations raised by the

*Gray* plaintiffs and because the *Gray* plaintiffs and counsel did not violate a clear order of the trial court.

## V.    ARGUMENT

### A.    Standard of Review

"The movant in a civil contempt proceeding bears the burden of proving by clear and convincing evidence that the respondent violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543, 550–51 (6th Cir. 2006) (internal quotations omitted) (citing:*Glover v. Johnson,* 934 F.2d 703, 707 (6th Cir.1991)). "This Court requires that the prior order be "clear and unambiguous" to support a finding of contempt." *Id* (citing: *Grace v. Ctr. for Auto Safety,* 72 F.3d 1236, 1241 (6th Cir.1996)). "Ambiguities must be resolved in favor of the party charged with contempt."  *Id. See also: Rolex Watch U.S.A., Inc. v. Crowley,* 74 F.3d 716, 720 (6th Cir. 1996). "Before civil contempt may be adjudged and penalties therefor imposed, contemptuous acts must be established by evidence that is clear and convincing." *Telling v. Bellows-Claude Neon Co.*, 77 F.2d 584, 585 (6th Cir. 1935).

### B.    The Injunction Does Not Bar the Claims in the Proposed Amended Complaint

The injunction and release do not extend to causes of action based on factual allegations other than execution of the affidavits by Midland employees without

knowledge. Rather the released claims were only those where the basis for the claim was Midland's use of affidavits "arising out of or relating to the use of affidavits in debt- collection lawsuits brought by Defendants, where the affidavit used was executed by a person who lacked personal knowledge of the facts stated in the affidavit."." Order Re: Injunction and Contempt, R. 312, Page ID #6006. There is no question that all causes of action against Midland and its attorneys that specifically relate to the affiants' knowledge of the facts contained in their affidavits at the time of execution are barred by the injunction. While the background factual allegations of Midland's practice of executing affidavits without knowledge were noted in the Proposed Second Amended Complaint, unlike the original and first amended complaints filed in Eastern District of Washington, the *Gray* plaintiffs' Proposed Second Amended Complaint specifically removed the causes of action related to the execution of affidavits without personal knowledge. *Gray* Proposed Second Amended Complaint, R. 295-1, Page ID #5851-5852.

Clarifying the intention of the filing, the Summary section in the *Gray* plaintiff's Proposed Second Amended Complaint states in relevant part:

> It is made to appear to the State Court Judges that the debt records filed with the Court were attached to the affidavit by the affiant. This is not true. The affidavits are signed in Minnesota by a Midland Credit Management (a licensed collection agency) employee. Only the two (2) page affidavit is shipped to the Suttell Law Firm in Bellevue, Washington. A non-attorney Suttell employee sometime later, as needed, selects and attaches documents to the "business records affidavit" to send to the Court

> for filing whenever a Default or Summary Judgment motion is required. The Court is led to believe that the affiant has authenticated and established the reliability of the records but the affiant does not even know what records will be later attached by the Suttell employees to the affidavit.
>
> The affidavits are altered by the Suttell employees by adding documents to the affidavit that the Suttell employee knows were not attached to the original affidavit. The Suttell employees know that some or all of the information contained in the affidavits is false.
>
> This Amended Complaint alleges violations of the FDCPA and WCPA *based on the law firm's conduct in altering the false affidavits* in order to obtain judgments, the defendants' filing of time-barred claims against Washington consumers, and failure to become licensed as a collection agency, as required by Washington law.

*Gray* Proposed Second Amended Complaint, R. 295-1, Page ID #5775-5777.

The *Gray* plaintiffs acknowledged and heeded the existence and limitations imposed by the released claims. The *Gray* plaintiffs in fact pointed out the fact that the Midland defendants violated the FDCPA by using false affidavits but that those claims are barred under the *Vassalle* release. *Gray* Proposed Second Amended Complaint, R.295-1, Page ID #5852, fn.1. Only the claims <u>for further modifying the affidavits without the affiant's knowledge</u> can proceed. While the factual allegations regarding the robo-signing of the affidavits by Midland employees creates a backdrop for the amended claims against Midland's attorneys, the cause of action survives the release because the acts complained of occurred well after the execution

of the affidavit and do not rely on whether the affiants had personal knowledge of the accounts.  The *Gray* plaintiffs properly pled and intended to pursue only the causes of action where the attorneys further altered the affidavits <u>after</u> they were executed by Midland employees, and whether or not the affidavit was executed without the affiant's knowledge of its contents.

As in the case of contracts and statutes, the injunction should "be read to give effect to all language and render no language surplusage or nugatory."  *TMW Enterprises, Inc. v. Fed. Ins. Co.*, 619 F.3d 574, 585 (6th Cir. 2010). "Every word [] is presumed to have meaning".  *Riley v. Kurtz*, 361 F.3d 906, 913 (6th Cir. 2004). After rejecting the initial *Vassalle* settlement, in large part due to the overly broad scope of the release as compared to the overall benefit to the class, the settlement was rewritten to include the phrase "where the affidavit used was executed by a person who lacked personal knowledge of the facts stated in the affidavit." *See Pelzer v. Vassalle*, 655 Fed. Appx. 352, 366 (6th Cir. 2016).  Inclusion of this phrase in the release should be given its plain meaning.  Instead, without any attempt to harmonize the clause added to the *Vassalle* release with the relevant facts in *Gray*, the trial court erroneously held that the only limitations on the scope of the release relate "to vacatur of judgments and ongoing debt collection litigation, which are not applicable here."  Order Re: Injunction and Contempt, R. 312, Page ID 6007.  This

was as close as the trial court came to an analysis of the phrase that ultimately led to this Court's approval of the settlement, release, and injunction.

After the *Gray* plaintiff's filed their Proposed Second Amended Complaint, this Court ruled on the scope of the release and specifically acknowledged the importance of the clause added to the release after this Court rejected the first settlement agreement and release:

> It is also important at the outset to define clearly what this case is, and is not, about. This case is about a very specific issue: Midland's use of affidavits in debt-collection actions where the affiants falsely attest to have personal knowledge of the consumers' accounts. This case is not about Midland's other alleged abusive practices in its business of buying and then collecting consumer debt accounts.
> …
> The claims covered by the release are those "in which a Class Member seeks any relief on the ground that an affidavit used in a debt-collection lawsuit brought by Defendants was executed by a person who lacked personal knowledge of the facts stated in the affidavit."
> …
> The claims covered by the release in the revised settlement are also more narrowly defined. <u>Class members are prohibited from asserting independent claims based only on Midland's affiants falsely attesting to having personal knowledge of individual accounts. Claims alleging other illegal, abusive, unfair, or deceptive practices by Midland with respect to the affidavits are not released,</u> and class members remain free to sue Midland for those practices. Consumers could collectively litigate such claims. Thus, while the release eliminates some avenues class members could use to seek relief, it leaves many others open. And the class members receive compensation for the one avenue that is now closed.

*Pelzer* 655 Fed. Appx. 352 (emphasis added).

Since the *Gray* plaintiffs' Second Amended Complaint does not rely on the veracity of the affidavit itself, but rather focuses on the alterations to it by the law firm after it is executed, the causes of action do not include any released claim. The claims asserted by *Gray* do not seek "relief on the ground that an affidavit … was executed by a person who lacked personal knowledge". *Id*. The affiant's "knowledge of individual accounts" is immaterial, as the relevant facts giving rise to the cause of action in the *Gray* amended complaint only occur after the Midland affidavits are executed and sent to their contract attorneys. *Id*. Notably, the trial court acknowledged the existence of the ruling in *Pelzer* but did not include any substantive analysis of it in the contempt ruling. If illegal third-party alterations to the Midland affidavits do not fall within the category of "Claims alleging other illegal, abusive, unfair, or deceptive practices by Midland with respect to the affidavits", Appellants are at a loss for what types of hypothetical collective claims based on the affidavits this Court was contemplating as would survive such a broad release. The trial court's analysis of the scope of the release cannot be reconciled with either a plain reading of the release or this Court's analysis.

The released claims do not mention or even reference the practice of Midland's contract collection lawyers altering the affidavits. There are serious legal and ethical implications of this practice that goes well beyond the "affiants falsely testifying to having personal knowledge". *Pelzer v. Vassalle*, 655 Fed. Appx. 352

(6th Cir. 2016). The practice is calculated to deceive consumers and the courts by making documents appear to have been attached and authenticated by the affiant, even though the affiant never saw the document and did not know that any documents would ever be attached to the affidavit. It is an end run around Washington's business records as evidence rule[5] that resulted in Washington courts entering thousands of judgments which might have otherwise been rejected.

Midland and its attorneys are attempting to escape liability for a practice that was never disclosed to the trial court or this Court, despite years of litigation and two appeals before this Court. The practice of altering the executed affidavits was not contemplated in the *Vassalle* settlement agreement. There is no indication that any oversight was ordered or implemented as part of the settlement agreement, which would specifically address and remedy this particular problem. Appellants are unaware if the Special Master ever actually tracked an affidavit from its inception at the Midland affidavit production mill, to the collection attorneys' office, and finally to the court where it was filed, in order to ensure the integrity of the document from beginning to end. There is no reason that the Special Master would have done so because there is no indication that the practice of attorneys modifying the affidavits was ever disclosed to him. The practice of altering the Midland affidavits is well outside the scope of the release, both as contemplated on its face and as

---

[5] Washington codified state law equivalent to FRE 803(6) at RCW 5.45.020.

clarified by this Court in *Peltzer*. This Court should therefore again state and clarify that all claims, other than those seeking relief for execution of affidavits by Midland employees without knowledge, may proceed.

### C. The Trial Court's Contempt Finding Should Be Reversed

As set forth above, because neither the *Gray* plaintiffs, nor their counsel, violated the injunction, the trial court's finding of contempt (Order Re: Injunction and Contempt, R. 312, Page ID #6009) should not stand. Alternatively, if this Court holds that material alterations to the Midland affidavits by third parties, after the affidavits are executed by Midland's employees, is a claim barred by the injunction, then this Court should clarify the scope of the released claim and distinguish the claim asserted by the *Gray* plaintiffs from the holding in *Pelzer*. This Court's previous holding does not clearly describe a bar on the causes of action asserted in the Gray Second Amended Complaint and rather clearly signals that such claims may proceed. If the injunction was violated, then its scope was far from "clear and unambiguous", which is a prerequisite to any contempt finding. *Grace v. Ctr. for Auto Safety,* 72 F.3d 1236, 1241 (6th Cir.1996). Under either scenario, the trial court's finding of contempt was unwarranted, improper, and should be vacated.

## VI. CONCLUSION

Since the causes of action alleged by the *Gray* plaintiffs in their Proposed Second Amended Complaint relate in relevant part only to post-execution alterations

of affidavits by Midland's contract collection attorneys, those claims are not barred by the injunction. The *Gray* claims are not "based only on Midland's affiants falsely attesting to having personal knowledge of individual accounts". *Pelzer v. Vassalle*, 655 Fed. Appx. 352 (6th Cir. 2016). Alleging that the affiants executed the affidavits without personal knowledge cannot run afoul of the injunction, unless relief is sought specifically on that basis. That is not the case here. Such factual assertions of Midland's misdeeds are regularly asserted in defense collection actions around the country and a court-imposed prohibition would likely violate free speech. Rather, the prohibition only extends to requests for relief "on the ground that" the affidavit was improperly executed. The trial court erred in holding that the *Gray* plaintiffs violated the injunction and by holding them, along with their counsel, in contempt. For these reasons, the *Gray* plaintiffs and counsel respectfully request that this Court

1. Reverse the trial court's finding that the *Gray* plaintiffs violated the *Vassalle* injunction and reverse the finding of contempt; and
2. Clarify that any action, individual or collective, may proceed against Midland and its attorneys, so long as it is not based on Midland's affiants falsely attesting to having personal knowledge of individual accounts.
3. Alternatively, if this Court holds that the *Gray* plaintiff's claims are enjoined, then provide additional guidance on the scope of the *Vassalle* injunction, hold

that the scope of the injunction was not clear and unambiguous, and reverse the trial court's finding of contempt.

Respectfully submitted this 12th day of December, 2016.

                                                        s/ Kirk D. Miller
                                                      Kirk D. Miller

## VII.  ADDENDUM

R. 1, Complaint .............................................................................. Page ID #1

R. 295, Defendants' Motion to Enforce ....................................... Page ID #5750

R. 295-1, Decl. of Seitz ................................................................ Page ID #5769

R. 295-1, *Gray* Proposed Second Amended Complaint ............... Page ID #5773

R. 295-1, *Gray* Reply .................................................................. Page ID #5871

R. 298, Order ................................................................................ Page ID #5889

R. 309, Response to Defendants' Motion to Enforce ................... Page ID #5981

R. 310, Reply to Plaintiff's Response .......................................... Page ID #5990

R. 312, Order Re: Injunction and Contempt ................................ Page ID #6005

R. 314, Transcript of 9/30/16 Hearing ......................................... Page ID #6015

R. 315, Certification of Compliance ............................................ Page ID #6025

R. 316, Notice of Appeal ............................................................. Page ID #6028