Case No. 16-4149

In The
**United States Court of Appeals
For The Sixth Circuit**

**MARTHA VASSALLE, ET AL.**
*Plaintiffs*

**and**

**KELLI GRAY; KIRK D. MILLER**
*Interested Parties – Appellants*

v.

**MIDLAND FUNDING LLC; MIDLAND CREDIT MANAGEMENT, INC.;
ENCORE CAPITAL GROUP, INC.**

*Defendants – Appellees.*

On Appeal from the United States District Court
for the Northern District of Ohio
Case No. 3:11-cv-0096

**BRIEF OF DEFENDANTS-APPELLEES**

DYKEMA GOSSETT PLLC
Theodore W. Seitz (P60320)
201 Townsend St., Ste. 900
Lansing, MI 48933
(517) 374-9149

JENNER & BLOCK LLP
Richard L. Stone
Amy M. Gallegos
633 West 5th Street, Suite 3600
Los Angeles, CA 90071
(213) 239-5100

## DISCLOSURE OF CORPORATE AFFILIATIONS
## AND FINANCIAL INTEREST

Pursuant to Sixth Circuit Rule 26.1, Defendants-Appellees Midland Funding LLC, Midland Credit Management, Inc., and Encore Capital Group, Inc. make the following disclosures:

1.     Are said parties a subsidiary or affiliate of a publicly owned corporation?

YES.

If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

Midland Credit Management, Inc. and Midland Funding LLC are wholly owned subsidiaries of Encore Capital Group, Inc., a publicly traded company.

2.     Is there a publicly owned corporation, not a party to the appeal that has a financial interest in the outcome?

NO.


January 12, 2017_____                        /s/ Amy M. Gallegos_____
        (Date)                                         (Signature of Counsel)

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ........................................1

JURISDICTIONAL STATEMENT ...................................................1

STATEMENT OF ISSUES ........................................................1

STATEMENT OF THE CASE ......................................................2

I.    Preliminary Statement ................................................2

II.   Procedural History....................................................5

    A.   The *Vassalle* Settlement.........................................5

    B.   The Class Release ................................................7

    C.   The Injunction Against Released Claims ...........................8

    D.   Notwithstanding The Release And Injunction, Appellants Sue Midland For Filing Affidavits Made Without Personal Knowledge. ..................9

    E.   Midland Asks Appellants To Withdraw Their Proposed Amended Complaint; They Refuse. .........................................10

    F.   Midland Moves To Enforce The Injunction; Appellants Ignore Midland's Motion. ...............................................11

    G.   This Court Affirms The Final Approval Order; Appellants Refuse To Withdraw Their Proposed Amended Complaint ...................................11

    H.   The District Court Offers Appellants An Opportunity To Amend Their Complaint And Avoid A Contempt Hearing; They Refuse .................13

    I.   Mr. Miller Fails To Argue At The Contempt Hearing; He And His Clients Are Held In Contempt .............................................13

    J.   The Instant Appeal ..............................................15

SUMMARY OF ARGUMENT .......................................................15

STANDARD OF REVIEW ........................................................17

ARGUMENT ..................................................................................18

I.  The District Court Was Correct To Find Ms. Gray And Mr. Miller In Contempt. ..................................................................18

   A.  The Gray Complaint Violated The Injunction ......................................18

   B.  The District Court Correctly Rejected Appellants' Mischaracterization Of Their Complaint ..................................................22

   C.  Appellants' Reliance On The *Pelzer* Opinion Is Misplaced.................24

   D.  The Injunction Was Not Ambiguous ...................................................25

II.  The Court Should Reject Appellants' Requests For A "Clarification" That The Release Allows Their Claims ..................................27

III.  The Court Should Reject Appellants' Request For Guidance About The Scope Of The Release ...............................................27

IV.  Appellants' Complaints About The Settlement Process Are Both Untimely And Meritless ..................................................28

V.  Appellants Should Be Sanctioned Or At Least Admonished For Misrepresenting The Record ..................................................30

VI.  This Appeal Should Be Dismissed For Lack Of Jurisdiciton .................33

CONCLUSION ..............................................................................34

# TABLE OF AUTHORITIES

**Page(s)**

C<small>ASES</small>

*Am. St. Gobain Corp. v. Armstrong Glass Co.*,
   418 F.2d 571 (6th Cir. 1969) .................................................................. 33

*Brown v. County of Genesee*,
   872 F.2d 169 (6th Cir. 1989) .......................................................... 26, 27

*Consumers Gas & Oil, Inc. v. Farmland Indus., Inc.*,
   84 F.3d 367 (10th Cir. 1996) ............................................................ 1, 33

*Cunningham v. Sears, Roebuck & Co.*,
   854 F.2d 914 (6th Cir. 1988) .................................................................. 32

*Evans v. Jeff D.*,
   475 U.S. 717 (1986)........................................................................ 26, 27

*Fialka-Feldman v. Oakland Univ. Bd. of Trs.*,
   639 F.3d 711 (6th Cir. 2011) ......................................................... 26, 28

*Glover v. Johnson*,
   138 F.3d 229 (6th Cir. 1998) .................................................................. 15

*Gray v. Suttell & Assocs., P.S.*,
   No. 09-251, 2016 WL 409706 (E.D. Wash. Feb. 2, 2016) ..................... 10

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab.
   Litig.*,
   722 F.3d 838 (6th Cir. 2013) .................................................................. 29

*Liberte Capital Grp., LLC v. Capwill*,
   462 F.3d 543 (6th Cir. 2006) .................................................................. 17

*Logan v. Denny's, Inc.*,
   359 F.3d 558 (6th Cir. 2001) .................................................................. 32

*Lorillard Tobacco Co. v. Chester, Willcoxe & Saxbe*,
   589 F.3d 835 (6th Cir. 2009) ........................................................... 23, 29

*Pelzer v. Vassalle*,
  655 F. App'x 352 (6th Cir. 2016) ..................................................... passim

*Plata v. Schwarzenegger*,
  560 F.3d 976 (9th Cir. 2009) ................................................................. 33

*S.E.C. v. Hickey*,
  322 F.3d 1123 (9th Cir. 2003) ............................................................... 33

*S.E.C. v. Naftalin*,
  460 F.2d 471 (8th Cir. 1972) ................................................................. 33

*United Airlines, Inc. v. U.S. Bank N.A.*,
  406 F.3d 918 (7th Cir. 2005) ................................................................. 33

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
  396 F.3d 96 (2d Cir. 2005) .................................................................... 30

## STATUTES

28 U.S.C. § 1291 ............................................................................... 33, 34

28 U.S.C. § 1332 .................................................................................... 1

28 U.S.C. § 1441 .................................................................................... 1

28 U.S.C. § 1446 .................................................................................... 1

## STATEMENT REGARDING ORAL ARGUMENT

Because Appellants presented no colorable grounds to overturn the district court's order, Appellees do not believe oral argument is necessary. However, in the event the Court determines that argument would be of assistance, Appellees request the opportunity to be heard.

## JURISDICTIONAL STATEMENT

The district court had subject-matter jurisdiction over *Franklin v. Midland Funding LLC* and *Vassalle v. Midland Funding LLC* under 28 U.S.C. Section 1332(d). The district court had jurisdiction over *Brent v. Midland Funding LLC* under 28 U.S.C. Sections 1331, 1441, and 1446.

This Court lacks jurisdiction over this appeal. The order Appellants purport to appeal is not final and not appealable because the district court reserved the issue of sanctions for future proceedings. *See, e.g.*, *Consumers Gas & Oil, Inc. v. Farmland Indus., Inc.*, 84 F.3d 367, 370 (10th Cir. 1996).

## STATEMENT OF ISSUES

As a member of the settlement class in *Vassalle v. Midland Funding LLC*, Appellant Kelli Gray is bound by the final approval order enjoining class members from pursuing any claims against Midland and its attorneys for allegedly using affidavits in debt-collection lawsuits that were executed by a person who lacked personal knowledge of the facts stated in the affidavit. Ms.

Gray and her attorney, Appellant Kirk Miller, attempted to file a class-action complaint against Midland and its attorneys alleging that they violated the law by filing affidavits in debt-collection lawsuits that were executed by a person who lacked personal knowledge of the facts in the affidavit. They were given many chances to withdraw these claims, but they refused to do so. The issue on appeal is whether the district court abused its discretion in finding that they violated the injunction.

An additional issue is whether the order in question is even appealable, given that federal appellate courts only have jurisdiction to review post-judgment civil-contempt orders that impose sanctions, and the district court here did not sanction Appellants.

## STATEMENT OF THE CASE

### I.  <u>Preliminary Statement.</u>

This meritless appeal relates to the class settlement in *Vassalle v. Midland Funding, LLC*, which was approved by the Northern District of Ohio in 2014. The final approval order was affirmed by this Court in July 2016. *Pelzer v. Vassalle*, 655 F. App'x 352 (6th Cir. 2016). Appellants Kelli Gray, a *Vassalle* class member, and her attorney, Kirk Miller, tried to file a class action against Midland and its Washington collection attorneys, Suttell and Associates, for allegedly using affidavits in debt-collection lawsuits that were

made without personal knowledge—the precise claim Ms. Gray voluntarily released in the settlement.[1] The district court correctly held that they violated the injunction barring *Vassalle* class members from pursuing released claims.

Appellants' principal contention on appeal is that the district court was wrong to find that their complaint fell within the release and injunction. According to Appellants, their complaint does not allege that Midland used affidavits made without personal knowledge, but instead asserts an unrelated claim against the Suttell firm for allegedly altering the executed affidavits prior to filing them. This is false. Appellants' complaint is in the record. It plainly alleges a scheme by Midland to obtain default judgments by filing affidavits in debt-collection lawsuits that were signed by affiants without personal knowledge of the facts in the affidavit. *See, e.g.*, *Gray* Proposed Second Am. Cplt., RE 295-1, Page ID # 5775–76, 5789–5851.

Appellants know that they sued Midland for filing affidavits made without personal knowledge. Their complaint expressly accuses Midland of "robo-signing" and spends hundreds of paragraphs quoting Midland's old affidavits and arguing that the affiants lacked personal knowledge of the

---

[1] The proposed complaint was to be filed on behalf of Ms. Gray and several co-plaintiffs, who were also found to have violated the injunction. Ms. Gray's co-plaintiffs did not join this appeal. Notice of Appeal, RE 316, Page ID # 6028.

quoted statements. *Gray* Proposed Second Am. Cplt., RE 295-1, Page ID # 5775–76, 5789–5851. In fact, their complaint cites *this very litigation* multiple times as evidence that Midland's affiants' lacked personal knowledge of the facts in their affidavits. *Id.* at Page ID # 5776, 5794, 5798–99.

Appellants' complaint does not allege that the Suttell firm "altered" any affidavits, as one would normally understand that phrase. It accuses the Suttell attorneys of participating in the alleged robo-signing scheme by attaching account records to the affidavits as exhibits, despite knowing that the affiants' statements authenticating the documents were made without personal knowledge. *Gray* Proposed Second Am. Cplt., RE 295-1, Page ID # 5776, 5803–07, 5812–20, 5825–35, 5841–49. Because Appellants' claim against the Suttell firm arises from the Midland affiants' alleged lack of personal knowledge of the facts in their affidavits, it is barred.

Appellants used the same tactic below that they are now attempting in this Court. They told the district court that they only intended to pursue claims against the Suttell firm for altering the affidavits, and they insisted that the affiants' personal knowledge was immaterial to these claims. However, when the district court gave Appellants the opportunity to avoid a contempt hearing by amending their complaint to delete the supposedly immaterial allegations

4

relating to the affiants' personal knowledge, they *refused*. This confirms that their goal is to relitigate released claims, notwithstanding their protestations to the contrary.

This Court should likewise reject Appellants' requests for clarification of the release or guidance as to the release's scope. The release is clear, and it bars the claims Appellants attempted to plead. This Court is not empowered to change the release the parties negotiated—especially not now, when the settlement has already been approved and affirmed on appeal, the class has already been paid, and the claims have been dismissed. Nor is this Court empowered to issue advisory opinions about the scope of the release.

In short, the record amply supports the district court's ruling that Appellants violated the *Vassalle* injunction by attempting to assert claims barred by the release. The district court's order should be affirmed.

## II.    Procedural History.

### A.    The *Vassalle* Settlement.

The *Vassalle* settlement resolved three class actions—*Brent*, *Franklin*, and *Vassalle*—each of which alleged that Midland violated state and federal laws by filing affidavits in debt-collection lawsuits that were executed by

individuals who lacked personal knowledge of the facts stated in the affidavits. *Pelzer*, 655 F. App'x at 356–58.[2]

In brief, the settlement required Midland to pay $5.2 million, revise its affidavit practices, and submit its affidavit procedures to the ongoing supervision of a court-appointed Special Master. *Pelzer*, 655 F. App'x at 357–58. In exchange, the class released "all claims against Midland under state or federal law 'in which a Class Member seeks any relief on the ground that an affidavit used in a debt-collection lawsuit brought by Defendants was executed by a person who lacked personal knowledge of the facts stated in the affidavit.'" *Id*. at 357–58; *see also* Final Approval Order, RE 282, Page ID # 5636 ¶ 6; Class Settlement Agreement, RE 227-1, Page ID # 4056–57.

The Final Approval Order, which was entered on October 14, 2014 by the Hon. David A. Katz, permanently enjoined all class members who did not opt out of the settlement from commencing or prosecuting any claim released by the settlement. Final Approval Order, RE 282, Page ID # 5638 ¶ 13. The Final Approval Order was affirmed by this Court on July 7, 2016. *Pelzer*, 655 F. App'x at 353.

---

[2] The *Pelzer* opinion contains a detailed procedural history of the *Vassalle* litigation and settlement. *See Pelzer*, 655 F. App'x at 354–58.

### B.    The Class Release.

The class release in the *Vassalle* settlement provides that class members

who did not opt out had:

> released and forever discharged Encore Capital Group, Inc.,
> Midland Credit Management, Inc., Midland Funding LLC, MRC
> Receivables Corp., and Midland Funding NCC-2 Corp., and all
> of their parent, subsidiary, and/or affiliated corporations,
> shareholders, directors, officers, ***agents***, representatives,
> employees, partners, joint venturers, ***attorneys***, affiliates,
> predecessors, successors, administrators, assigns, trustees,
> receivers, insurers and/or all those legally or equitably entitled to
> take by and/or through them ("the Released Parties"), ***from all***
> ***causes of action, suits, claims and demands***, whatsoever, known
> or unknown, in law or in equity, based on state or federal law,
> which the class now has, ever had or hereafter may have against
> the Released Parties, ***arising out of or relating to the use of***
> ***affidavits in debt-collection lawsuits brought by Defendants,***
> ***where the affidavit used was executed by a person who lacked***
> ***personal knowledge of the facts stated in the affidavit***.

Final Approval Order, RE 282, Page ID # 5636 ¶ 6 (emphasis added); Class

Settlement Agreement, RE 227-1, Page ID # 4056–57.[3]

As shown in the bolded text above, and as is typical in a settlement, the

release specifically included Midland's "agents" and "attorneys" within the

definition of "Released Parties." Final Approval Order, RE 282, Page ID

# 5636 ¶ 6; Class Settlement Agreement, RE 227-1, Page ID # 4056–57.

---

[3] The release is subject to certain exceptions relating to vacatur of judgments
and ongoing debt-collection litigation, which are not applicable here. *See* RE
282, Page ID # 5636 ¶ 6.

To prevent objectors from arguing that the release would improperly bar claims that did not arise from the same factual predicate as the claims at issue in the lawsuit (for example, claims alleging that Midland sued consumers on debts that were not owed, or obtained judgments on complaints that were not served), the release specifically described the released claims:

> This release applies only to causes of action, suits, claims, and demands that share a common factual predicate with the settled claims. ***Thus, this release applies to any action in which a Class Member seeks any relief on the ground that an affidavit used in a debt-collection lawsuit brought by Defendants was executed by a person who lacked personal knowledge of the facts stated in the affidavit.*** The released claims include, but are not limited to, actions under the Fair Debt Collection Practices Act, state consumer-protection laws, and state or federal common law.

Class Settlement Agreement, RE 227-1, Page ID # 4056–57 (emphasis added).

## C.    The Injunction Against Released Claims.

The Final Approval Order permanently enjoined class members who did not opt out of the settlement from commencing or prosecuting any released claims against any of the parties released by the settlement (which would include both Midland and its attorneys). Specifically, the Order states:

> The Court hereby ***permanently enjoins and restrains all class members who did not duly request exclusion*** from the class in the time and manner provided for in the Class Notice from ***commencing or prosecuting any action, suit, claim or demand against any of the parties released by virtue of the Settlement***

8

*Agreement arising out of or relating to the Released Parties'*
*use of affidavits in debt-collection lawsuits, where the affidavit*
*used was executed by a person who lacked personal knowledge*
*of the facts stated in the affidavit*, subject to the limitations set
forth in paragraph 6.

Final Approval Order, RE 282, Page ID # 5638 ¶ 13 (emphasis added).

### D.    Notwithstanding The Release And Injunction, Appellants Sue Midland For Filing Affidavits Made Without Personal Knowledge.

Appellant Kelli Gray is a member of the *Vassalle* settlement class. Ms.
Gray objected to an earlier version of the *Vassalle* settlement and participated
in the appeal that led to that settlement being overturned. *See* AB 6. She did
not object to the revised settlement that this Court approved in *Pelzer*, and she
elected to remain in the settlement class rather than opt out. *Id*.

Appellants concede that Ms. Gray is barred by the injunction from
asserting claims against Midland or its attorneys arising from their use of
affidavits executed by an affiant who lacked personal knowledge of the facts
stated in the affidavit. AB 6, 10.

Ms. Gray is nominally a party to a lawsuit that has been pending against
Midland and the Suttell firm in the Eastern District of Washington since 2009.
All of her claims in that case have been dismissed on the merits. However, the
lawsuit is still ongoing because one of her co-plaintiffs has an individual claim
against Midland Funding for alleged violations of a state licensing statute that

has yet to be resolved. *See Gray v. Suttell & Assocs., P.S.*, No. 09-251, 2016 WL 409706, at *9 (E.D. Wash. Feb. 2, 2016).

On February 2, 2015, while the *Pelzer* appeal was pending, Ms. Gray's attorney, Appellant Kirk Miller, sought leave to file an amended class-action complaint on behalf of Ms. Gray and her co-plaintiffs. The proposed amended complaint sought relief against Midland and its collection counsel under the Fair Debt Collection Practices Act ("FDCPA") and Washington's consumer protection statute for allegedly engaging in a "robo-signing" scheme that involved filing affidavits in debt-collection lawsuits that were executed by an affiant who lacked personal knowledge of the facts in the affidavit. *Gray* Proposed Second Am. Cplt., RE 295-1, Page ID # 5773–5863.

### E. Midland Asks Appellants To Withdraw Their Proposed Amended Complaint; They Refuse.

After reviewing Ms. Gray's proposed second amended complaint, Midland's counsel contacted Mr. Miller, and informed him that his proposed complaint was barred by the *Vassalle* injunction. Seitz Declaration, Ex. B, RE 295-1, Page ID # 5868–69. Mr. Miller refused to withdraw the proposed complaint, explaining that he expected Judge Shea—who presided over the Washington case at the time—to allow him to file it, and intimating that once the Washington Court ruled Midland would not dare to seek the enforcement

of the injunction. *See id.* at Page ID # 5866 (Mr. Miller writing that Midland would have to "ask Judge Katz to hold judge [sic] Shea in contempt as well").

### F.    Midland Moves To Enforce The Injunction; Appellants Ignore Midland's Motion.

Midland filed a motion to enforce the injunction and for an OSC re Contempt on March 23, 2015. Mot. to Enforce Injunction, RE 295, Page ID # 5750.

Contrary to Mr. Miller's prediction, the Washington Court immediately took Ms. Gray's motion for leave to amend off calendar, recognizing that "the question of whether Plaintiffs' proposed amended complaint violates the *Vassalle* injunction should be decided in the first instance by the court that issued that injunction." *See* Request for Judicial Notice, RE 297-1, Page ID # 5887.

 Mr. Miller did not file a response to Midland's motion. On April 23, 2015, Judge Katz issued an order holding the motion in abeyance pending this Court's resolution of the *Pelzer* appeal. Order, RE 298, Page ID # 5889.

### G.    This Court Affirms The Final Approval Order; Appellants Refuse To Withdraw Their Proposed Amended Complaint.

As mentioned above, on July 7, 2016, this Court affirmed the order finally approving the *Vassalle* settlement and enjoining released claims.

*Pelzer*, 655 F. App'x at 352. Shortly thereafter, Judge Katz passed away and this case was transferred to the docket of the Hon. Jack Zouhary.

After the *Pelzer* ruling, Midland expected Appellants to withdraw their proposed amended complaint. They did not. Instead, they filed a short—and extremely late—opposition to Midland's contempt motion in which they argued that their complaint was not covered by the injunction because it only asserted claims against the Suttell firm for altering the affidavits after they were signed, without Midland's knowledge. *See* Opp. to Mot. to Enforce Injunction, RE 309, Page ID # 5984. This wasn't true. *See Gray* Proposed Second Am. Cplt., RE 295-1, Page ID # 5776, 5803–07, 5812–20, 5825–35, 5841–49.

In its reply, Midland pointed out that the proposed amended complaint was not based on any after-the-fact alteration of the affidavits; it was based on an alleged scheme to file affidavits without personal knowledge. Reply Br. in Support of Mot. to Enforce Injunction, RE 310, Page ID # 5994–96. Midland suggested that if Appellants *truly* intended to assert *only* a narrow claim against the Suttell firm for altering affidavits, then they should file a new amended complaint stating *only* that claim, *without* allegations of wrongdoing based on the affiants' alleged lack of personal knowledge. *Id*. at Page ID # 5992. Appellants did not amend their complaint.

12

**H.    The District Court Offers Appellants An Opportunity To Amend Their Complaint And Avoid A Contempt Hearing; They Refuse.**

On September 27, 2016, Judge Zouhary convened a telephone conference with Midland's counsel and Mr. Miller. At the conference, Judge Zouhary asked Mr. Miller if he would be willing to consider withdrawing his proposed amended complaint and filing a new one, as Midland had suggested might be a possibility. *See* September 30, 2016 Hearing Tr., RE 314, Page ID # 6016–17. Mr. Miller refused. *Id.*

**I.    Mr. Miller Fails To Argue At The Contempt Hearing; He And His Clients Are Held In Contempt.**

On September 30, 2016, Judge Zouhary held a telephonic hearing on Midland's motion. Mr. Miller appeared but declined to present any argument on his clients' behalf. *See* September 30, 2016 Hearing Tr., RE 314, Page ID # 6020.

That same day, Judge Zouhary issued a written order finding Mr. Miller and his clients in contempt of the *Vassalle* injunction. Contempt Order, RE 312, Page ID # 6009. He found there to be clear and convincing evidence that Mr. Miller and the *Gray* plaintiffs had notice of the injunction because "they are members of the settlement class and as such received notice of the settlement and injunction;" "Midland's counsel sent their counsel a copy of the Final Approval Order and Injunction;" and "their filings in the Washington

13

lawsuit show that they were aware of the *Vassalle* Injunction and understood they were bound by it." *Id*.

Then, citing the "over one hundred paragraphs" in the proposed Second Amended Complaint "describing how Midland allegedly uses affidavits made without personal knowledge," Judge Zouhary held that there was "clear and convincing evidence that the *Gray* Plaintiffs violated the *Vassalle* Injunction." Contempt Order, RE 312, Page ID # 6010. The district court explained that by seeking "leave in another district to file an amended class-action complaint alleging that Midland and its attorneys violated the FDCPA and state laws by filing affidavits in debt-collection lawsuits that were executed by a person who lacked personal knowledge of the facts stated in the affidavit," the *Gray* plaintiffs were attempting to press "the precise claims that were released by the Revised Settlement." *Id*.

Judge Zouhary did not sanction Mr. Miller or his clients. Instead, he ordered them to withdraw their proposed amended complaint. Contempt Order, RE 312, Page ID # 6012. The order stated that the court would convene a hearing on sanctions if they did not comply. *Id*. Judge Zouhary also ordered Mr. Miller to provide a copy of the order to each of the Washington plaintiffs who were held in contempt. *Id*.

**J.    The Instant Appeal.**

Mr. Miller withdrew the proposed amended complaint and notified his clients of the order. Certificate of Compliance, RE 315, Page ID # 6025–26. He then filed a notice of appeal on behalf of himself and Ms. Gray. Notice of Appeal, RE 316, Page ID # 6028–29. The other Washington plaintiffs did not join the appeal. *Id.*

## SUMMARY OF ARGUMENT

In this circuit, a civil-contempt order must establish that the contemnor (1) "violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts," with (2) "knowledge of the court's order," by (3) "clear and convincing evidence." *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998) (brackets and internal quotations omitted).

Mr. Miller and Ms. Gray do not dispute that the district court had the authority to enjoin them from pursuing lawsuits on claims they released in the *Vassalle* settlement. They concede they had notice of the injunction. On appeal, they argue that the injunction that the district court issued does not proscribe their proposed Second Amended Complaint. In the alternative, they argue that the injunction was ambiguous. These arguments fail.

The injunction that the district court issued in resolving the *Vassalle* action precludes any class member who did not opt out of the settlement from

15

prosecuting any action against Midland or any other released party arising from Midland's alleged use of affidavits in debt-collection actions where the affiant lacked personal knowledge of the information contained in the affidavit. Ms. Gray's proposed Second Amended Complaint contains hundreds of paragraphs alleging that Midland's affiants lacked personal knowledge of the information in affidavits they signed in debt-collection actions, conduct the complaint refers to as "robo-signing." As Judge Zouhary held, those allegations fall squarely within the *Vassalle* injunction.

Appellants' contention that they are only seeking relief against Midland's collection counsel for supposedly "altering" affidavits by attaching exhibits to them is unsupported by their actual proposed complaint, which alleges a robo-signing scheme by Midland. The claim against the attorneys is that they participated in the alleged robo-signing scheme by attaching account documents to affidavits as exhibits despite knowing that the affiants' claim to have personal knowledge of these documents was false. This claim depends entirely on the allegation that the affiant lacked personal knowledge of the information in the affidavit, and is therefore barred by the injunction.

The injunction is not ambiguous. It is very clear and it plainly covers the claims asserted in Appellants' proposed second amended complaint. Appellants contend that the *Pelzer* opinion led them to believe the injunction

and release did not cover their claims. This is unreasonable if true. The *Pelzer* Court did not interpret the release or opine on its scope. It simply described the release, accurately, as barring claims "in which a Class Member seeks any relief on the ground that an affidavit used in a debt-collection lawsuit brought by Defendants was executed by a person who lacked personal knowledge of the facts stated in the affidavit." *Pelzer*, 655 F. App'x at 357–58. These are the claims Appellants attempted to assert.

Finally, this Court need not even reach the merits issue. This appeal should be dismissed because the order that Mr. Miller and Ms. Gray purported to appeal is not final. Appellate courts routinely hold that post-judgment civil contempt orders that do not impose sanctions are not final for the purposes of appellate jurisdiction. Judge Zouhary held Appellants in contempt, but did not sanction them for their conduct. Therefore, this Court does not have jurisdiction over their appeal.

## STANDARD OF REVIEW

This Court reviews a district court's finding of contempt for an abuse of discretion. *Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543, 550 (6th Cir. 2006) (citing *Harrison v. Metro. Gov't of Nashville*, 80 F.3d 1107, 1112 (6th Cir. 1996)).

## ARGUMENT

### I.    The District Court Was Correct To Find Ms. Gray and Mr. Miller In Contempt.

#### A.    The *Gray* Complaint Violated The Injunction.

Appellants concede they were aware of the injunction, as they must. Not only was Ms. Gray a class member who received notice—she actually intervened in *Vassalle* in 2011 to object to an earlier version of the settlement, and has been receiving copies of all filings and orders through the court's ECF system ever since. Objection to Proposed Settlement, RE 32, Page ID #284– 322. Yet she and her attorney, Mr. Miller, chose to ignore the injunction and seek leave to file a class-action complaint against Midland and the Suttell firm alleging that they filed affidavits in debt-collection actions that were executed by affiants who lacked personal knowledge of the facts stated in the affidavits. *See, e.g.*, *Gray* Proposed Second Am. Cplt., RE 295-1, Page ID # 5775–76, 5792–95 ¶¶ 6.21–6.35, 5798–5807 ¶¶ 7.18–7.66, 5808–22 ¶¶ 8.3–8.83, 5823– 37 ¶¶ 9.1–9.81, 5837–51 ¶¶ 10.1–10.70.

Appellants' representation to this Court that "they specifically removed the causes of action related to the execution of affidavits without personal knowledge," AB 10, is simply untrue. To the extent that there is any doubt about this, we respectfully call the Court's attention to the following pages of Appellants' proposed complaint:

Page ID # 5775–76: These pages describe how Midland allegedly hires "Robo-signers" who "sign several hundred affidavits a day falsely claiming that they are a business records custodian with personal knowledge of the facts." Page ID # 5775, lines 10–17. This section of the complaint cites the 2009 summary-judgment opinion in *Midland Funding v. Brent*—one of the cases resolved by the *Vassalle* settlement—for the proposition that "the collection agency affiant does not have any personal knowledge of any records in the first instance." *Id*. at Page ID # 5776, lines 9–11.

Page ID # 5792–94: These pages contain seventeen numbered paragraphs detailing how Midland allegedly generated affidavits en masse and had them signed by affiants who lack personal knowledge of the facts in the affidavits. These allegations are supported by numerous citations to the *Brent* summary-judgment opinion.

Page ID # 5798–5807: These pages contain forty-eight numbered paragraphs detailing how Midland's affiant Elizabeth Neu allegedly lacked personal knowledge of the facts stated in the affidavit filed in Midland's collection lawsuit against Kelli Gray, and lacked personal knowledge of the account records that the Suttell firm allegedly attached to the affidavit. These allegations are supported by citations to the *Brent* summary-judgment opinion. In fact, the complaint alleges specifically that the affidavit used in

19

the Gray collection action was "identical" to the one at issue in *Brent*. Page ID # 5798–5803 ¶¶ 7.18–7.50.

Page ID # 5808–22: These pages contain eighty paragraphs detailing how Midland's affiant Judy Richter allegedly lacked personal knowledge of the facts stated in the affidavit filed in Midland's collection lawsuit against Dane Scott, and lacked personal knowledge of the account documents listed as exhibits in the affidavit. Page ID # 5808–19 ¶¶ 8.4–8.68. The Suttell firm is alleged to have attached the account documents (*i.e.*, the exhibits) to the affidavit even though Ms. Richter had no personal knowledge of them. Page ID # 5810–20 ¶¶ 8.19–8.76.

Page ID # 5823–37: These pages contain eighty paragraphs detailing how Ms. Neu allegedly lacked personal knowledge of the facts stated in the affidavit filed in Midland's collection lawsuit against Scott Boolen, and lacked personal knowledge of the account documents listed as exhibits in the affidavit. Page ID # 5823–33 ¶¶ 9.5–9.64. The Suttell firm is alleged to have attached the account documents (*i.e.*, the exhibits) to the affidavit even though Ms. Neu had no personal knowledge of them. Page ID # 5825–37 ¶¶ 9.18–9.81.

Page ID 5837–51: These pages contain seventy paragraphs detailing how Midland's affiant Kelly Ellsworth allegedly lacked personal knowledge

of the facts stated in the affidavit filed in Midland's collection lawsuit against Joel Finch, and lacked personal knowledge of the account documents listed as exhibits in the affidavit. Page ID # 5837–47 ¶¶ 10.1–10.55. The Suttell firm is alleged to have attached the account documents (*i.e.*, the exhibits) to the affidavit even though Ms. Ellsworth had no personal knowledge of them. Page ID # 5841–51 ¶¶ 10.27–10.70.

Page ID # 5851–53: These pages allege that Midland and its attorneys violated the FDCPA, including by making "misleading and deceptive statements in the collection of a debt" and by using "unfair or unconscionable means to collect or attempt to collect a debt." Page ID # 5851–53 ¶¶ 11.1, 11.3, 11.7. The only alleged facts on which these claims could be based are those describing Midland's alleged use of affidavits made without personal knowledge.

Page ID # 5854–56: These pages allege that Midland violated Washington's consumer-protection statute by operating without the required license as well as by other, unspecified, "unfair or deceptive practices." *E.g.*, Page ID # 5854–56 ¶¶ 12.4–12.6, 12.8–12.11. The allegations about Midland's affidavits are the only possible basis for these "unfair or deceptive practices" claims.

Page ID # 5859: This section alleges that the putative class is numerous because Midland's affidavit forms were used in hundreds of cases in Washington. It further alleges that the affidavit forms at issue are "substantially similar to those found previously to be false and misleading"— presumably a reference to the *Brent* summary-judgment opinion. Page ID # 5859 ¶¶ 13.3–13.6.

## B.    The District Court Correctly Rejected Appellants' Mischaracterization Of Their Complaint.

The district court was correct to reject Appellants' contention that they did not violate the injunction because their complaint only seeks relief on the discrete ground that, after the affidavits were executed and sent to the Suttell firm, lawyers at the Suttell firm "altered" them. The complaint speaks for itself, and it is plainly a class-action complaint alleging that Midland and its attorneys violated federal and state laws by filing affidavits executed by individuals without personal knowledge.[4]

The allegations relating to the Suttell firm arise from Midland's alleged use of affidavits in debt-collection actions that were executed without

---

[4] Appellants direct the Court's attention to language in their complaint in which they grudgingly acknowledge the injunction. *See* AB 11. That sentence, which appears in a footnote buried 80 pages into the complaint, in no way cures their violation of the injunction.

personal knowledge. The complaint alleges that the Suttell firm violated the FDCPA and state law by physically attaching the exhibits to the affidavits despite knowing that the affiant's statements about the exhibits (*i.e.*, that they were business records relating to the accounts at issue) were made without personal knowledge. *Gray* Proposed Second Am. Cplt., RE 295-1, Page ID # 5851–56.[5] The claims against the Suttell firm violate the release and injunction. Final Approval Order, RE 282, Page ID # 5638 ¶ 13.

Appellants describe the hundreds of paragraphs in their complaint devoted to detailing the affiants' alleged lack of personal knowledge as mere "background." AB 10. The district court was correct to disregard Appellants' self-serving description of their complaint. In determining whether a complaint violates an injunction barring litigation of claims resolved in a settlement, the Court must look to their complaint *as pled*—not the plaintiffs' characterization of it. *See Lorillard Tobacco Co. v. Chester, Willcoxe & Saxbe*, 589 F.3d 835, 845 (6th Cir. 2009) (affirming order enjoining appellants from proceeding with a lawsuit barred by a class settlement, and rejecting

---

[5] It is not illegal for an attorney to assemble and file documents with the court. If the allegations about the affiants' lack personal knowledge were removed, these facts would not state a claim—something Appellants obviously understand, since they refused to remove them.

appellants' contention that the 13 paragraphs of their complaint relating to released claims were merely "background").

**C.    Appellants' Reliance On The *Pelzer* Opinion Is Misplaced.**

Appellants contend that the *Pelzer* opinion interpreted the *Vassalle* release in a way that would allow their claims. *E.g.*, AB 13–14, 16. Not so. *Pelzer* is clear that "[c]lass members are prohibited from asserting independent claims based only on Midland's affiants falsely attesting to have personal knowledge of individual accounts." 655 F. App'x at 361. This is what Appellants alleged. *See Gray* Proposed Second Am. Cplt., RE 295-1.

Appellants point to the *Pelzer* Court's observation that the release does not cover "[c]laims alleging other illegal, abusive, unfair, or deceptive practices with respect to the affidavits." AB 14 (citing *Pelzer*, 655 F. App'x at 361). This language does not help Appellants. Appellants' complaint alleges the use of affidavits made without personal knowledge, not some other allegedly "illegal, abusive, unfair, or deceptive practices with respect to the affidavits." *Id.*[6]

---

[6] This language in the opinion was addressing certain materials submitted to the Court, such as Midland's CFPB settlement and AARP's amicus brief, which alleged that Midland had engaged in a broader range of debt-collection misconduct than was addressed by the settlement. The Court explained that these allegations were irrelevant because the settlement did not release claims arising from such misconduct. 655 F. App'x at 361.

The Court should reject Appellants' characterization of *Pelzer* as narrowing, or opining on, the scope of the release. The issue in *Pelzer* was whether the district court abused its discretion in certifying the settlement class and finding that the settlement was fair and adequate. Ms. Pelzer argued that the release was unfair because it would prevent attorneys from earning fees by suing Midland for its affidavit practices. This Court rejected the argument and affirmed the order approving the settlement. The Court did not narrow the release, nor could it have. A court cannot modify a class settlement; it can only approve or reject it. *E.g.*, *Evans v. Jeff D.*, 475 U.S. 717, 726–27 (1986); *Brown v. County of Genesee*, 872 F.2d 169, 173 (6th Cir. 1989). The Court likewise did not opine on what hypothetical future claims would or would not be covered by the release, nor could it have. *See Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 715 (6th Cir. 2011) (federal courts are prohibited from issuing advisory opinions).

### D. The Injunction Was Not Ambiguous.

Appellants contend that, in the event they violated the injunction, it was because the *Pelzer* opinion led them to believe their claims could proceed. They complain that *Pelzer* "does not clearly describe a bar on the causes of action asserted in the Gray Second Amended Complaint and rather clearly signals that such claims may proceed." AB 16. Thus, they argue, the contempt

finding was improper because the injunction was not "clear and unambiguous." *Id.*

This argument fails because, as explained above, the injunction clearly covers claims based on Midland's affiants falsely attesting to have personal knowledge of the facts in the affidavit, and the *Pelzer* Court's description of the injunction was consistent with the injunction's plain language. *See, e.g.*, 655 F. App'x at 357–58 (release bars claims "in which a Class Member seeks any relief on the ground that an affidavit used in a debt-collection lawsuit brought by Defendants was executed by a person who lacked personal knowledge of the facts stated in the affidavit"). There is nothing in *Pelzer* that could reasonably be read as a "signal" that a complaint like Appellants' may proceed notwithstanding the class release.

Appellants' argument also makes no sense as a matter of timing. Appellants cannot possibly have relied on the *Pelzer* Court's decision in crafting the allegations in their proposed complaint, since they submitted that complaint to the Washington court in March 2015—over a year before the *Pelzer* opinion issued. *See Gray* Proposed Second Am. Cplt., RE 295-1.

## II.  The Court Should Reject Appellants' Requests For A "Clarification" That The Release Allows Their Claims.

At various points in their brief, Appellants ask this Court to issue "clarifications" of the release that they apparently believe would allow them to pursue the claims alleged in their proposed amended complaint. *E.g*., AB 16, 17. Their requests should be rejected.

The release is clear, and it bars Appellants' claims, as Judge Zouhary correctly found. If this Court were to hold that Appellants' claims are exempt from the release, that would not be a "clarification." It would be a material revision of the settlement. Courts are not permitted to alter the terms of a class settlement. *E.g.*, *Evans*, 475 U.S. at 726–27; *Brown*, 872 F.2d at 173 ("It is well established that a 'court must enforce the settlement as agreed to by the parties and is not permitted to alter the terms of the agreement.'") (quoting *Brock v. Scheuner Corp*., 841 F.2d 151, 154 (6th Cir. 1988)). This Court determined that the settlement—and its concomitant release—satisfied Rule 23's requirements in *Pelzer*. This case is not a vehicle to reconsider that decision.

## III.  The Court Should Reject Appellants' Request For Guidance About The Scope Of The Release.

Appellants also request some unspecified "additional guidance" about the scope of the release. AB 17–18. This request is improper. The only

substantive issue before this Court is whether it was an abuse of discretion for Judge Zouhary to find Appellants in contempt, based on the claims pled in the complaint that they attempted to file. It is not this Court's job to issue a series of pronouncements about the scope of the release, to advise Appellants on what other claims they could theoretically bring instead, or to lay out guidelines for how class members can sue Midland without running afoul of the release. *See, e.g.*, *Fialka-Feldman*, 639 F.3d at 715 (federal courts may not issue advisory opinions).

## IV. Appellants' Complaints About The Settlement Process Are Both Untimely And Meritless.

Appellants suggest that it would be unfair to read the release as barring their claims because the issue of attorneys attaching documents to the affidavits was not "disclosed" to the district court and was not addressed by the Special Master tasked with supervising Midland's affidavit process. AB 15. This argument is untimely. If Appellants believed that the class release should have been narrower, or that the district court should have considered their document-attaching arguments in evaluating the settlement's fairness, then they should have objected to the settlement on this basis. They did not do that. The settlement has now been approved by the district court and

affirmed by this Court. Further challenges by class members are barred. *E.g.*, *Lorillard Tobacco*, 589 F.3d at 847–48.[7]

Appellants' untimely arguments also fail on the merits for numerous reasons. *First*, nobody was required to "disclose" that Midland's attorneys attach the exhibits to the affidavits before filing them. It is common knowledge that attorneys, and not their clients, typically assemble documents for filing. *Second*, the Special Master *did* address the documents attached to affidavits. Specifically, he found that the documents attached to Midland's affidavits are reviewed by the affiants and are the same documents in Midland's account records. Special Master Findings, RE 204, Page ID # 3249 ¶ 12 ("Pursuant to the Midland Affidavit Procedures both as written and applied, the Legal Specialist [*i.e.*, the affiant] personally reviews, word-for-word, the affidavit, *along with any attachments to the affidavits*, to ensure that it matches exactly with Midland's account records.") (emphasis added).

*Third*, parties to a class settlement are not required to guess what hypothetical claims class members might try to bring and disclose them to the

---

[7] To be clear, Ms. Gray and her co-plaintiffs had a remedy if they wanted to be able to assert the claims contained in their proposed pleading—they could have opted out of the settlement. *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 861 (6th Cir. 2013) (any class member "who wishes to control his or her own litigation may opt out of the class"). They chose not to. Having elected to remain in the class, they are not free to ignore the release they assented to and the injunction that binds them.

Court in order to ensure that the release covers them. Rather, a class settlement can preclude all claims that arise from the same factual predicate as the underlying lawsuit. *E.g.*, *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc*., 396 F.3d 96, 107–09 (2d Cir. 2005). That is what the release does here. *See* Class Settlement Agreement, RE 227-1, Page ID # 4056–57. And, not to belabor the point, but Appellants' proposed complaint *admits on its face* that it arises from the same factual predicate as the settled cases. *E.g*., *Gray* Proposed Second Am. Cplt., RE 295-1, Page ID # 5799 ("The 'Form 400' Affidavit of Elizabeth Neu filed in the Kelli Gray State Court Collection case is identical in form to the Ivan Jimenez 'Form 400' affidavit determined to be 'patently false' in the Brent case"); *see also id*. at Page ID # 5776, 5794, 5798, 5859.

## V.     Appellants Should Be Sanctioned Or At Least Admonished For Misrepresenting The Record.

Appellants' conduct in connection with this appeal has been concerning. They repeatedly represented to this Court in their brief that their proposed amended complaint involves only "third-party alterations" to the affidavits, and has nothing to do with the affiants' lack of personal knowledge. AB 14; *see also* AB 1, 5, 6, 7, 8, 10–12. They even wrote that their proposed amended complaint "specifically removed the causes of action related to the execution of affidavits without personal knowledge." *Id*. at 10. These statements were materially false. *See Gray* Proposed Second Am. Cplt., RE

30

295-1 (Appellants' proposed amended complaint asserting claims against Midland and the Suttell firm for allegedly filing affidavits made without personal knowledge).

This is not a good-faith misunderstanding or mere zealous advocacy, as evidenced by Appellants' deliberate actions to mislead this Court. For example, the three-paragraph quote from their proposed complaint on pages 10-11 of their brief has been doctored. The quote as it actually appears in their proposed complaint accuses Midland of filing affidavits without personal knowledge and cites the *Brent* opinion. *Compare Gray* Proposed Second Am. Cplt., RE 295-1, Page ID # 5776, *with* AB 10-11.[8]

Additionally, in what seems to have been an attempt to prevent this Court from reviewing their complaint in its entirety, Appellants attached a four-page excerpt from their complaint to their brief as an appendix, and cited to that instead of the complete, record version of the complaint. The appendix did not include hundreds of allegations relating to the affiants' personal

---

[8] In fact, Appellants included the same three-paragraph block quote in their opposition to Midland's motion to enforce the injunction, but *did not* omit the language referring to Midland's affiants' personal knowledge and the citation to the *Brent* summary-judgment decision, making their attempt to mislead this Court (after losing in the district court) even more obviously deliberate. *See* Opp. to Mot. to Enforce Injunction, RE 309, Page ID # 5983–84.

knowledge that appear in the actual complaint. This was ultimately harmless since Appellants' original brief was stricken by the clerk for including an unauthorized appendix—but it further illustrates Appellants' bad intentions.[9]

This Court has not hesitated to admonish litigants who attempt to gain an advantage in the appeal by misrepresenting the record below. *See Logan v. Denny's, Inc.*, 359 F.3d 558, 577 (6th Cir. 2001) (reprimanding the appellee's counsel for "misrepresentations of the record," which "suggest[ed] bad faith"); *Cunningham v. Sears, Roebuck & Co.*, 854 F.2d 914, 916 (6th Cir. 1988) (reprimanding the appellant's counsel for "a serious misrepresentation of the facts" and directing the clerk of this Court to send copies of the opinion to the pertinent bar associations). We do not make this suggestion lightly. However, the misrepresentations in Appellants' brief are so pervasive and so blatant that they cannot be overlooked. Midland requests that this Court

---

[9] Appellants have also mischaracterized Judge Zouhary's order. Appellants wrote that Judge Zouhary found them in contempt because he failed to apply the release language to the *Gray* complaint and "erroneously held that the only limitations on the scope of the release relate to 'vacatur of judgments and ongoing debt collection litigation, which are not applicable here.'" AB 12. That is patently untrue. Judge Zouhary's order quoted the relevant language from the release and injunction, and cited numerous, specific allegations in the *Gray* complaint that violated the injunction. Contempt Order, RE 312, Page ID # 6009–10. Judge Zouhary never wrote that the *only* limitations on the release related to vacatur of judgments and ongoing debt-collection litigation. Rather, he simply acknowledged these two inapplicable exceptions in a footnote, *see id.* at Page ID # 6007 n.1, which Appellants have taken entirely out of context.

consider issuing an OSC re sanctions or, at minimum, admonishing Mr. Miller for submitting a brief that badly distorts the record.

## VI.     This Appeal Should be Dismissed For Lack Of Jurisdiction.

The Court need not even reach the merits issues. This appeal should be dismissed because the order Ms. Gray and Mr. Miller purport to appeal is non-final. Under 28 U.S.C. Section 1291, this Court has jurisdiction to review "final decisions of the district courts." It is well-settled that post-judgment orders enforcing injunctions are only "final" for the purposes of Section 1291 if they order "specific, unavoidable sanctions." *Consumers Gas & Oil*, 84 F.3d at 370; *see also Plata v. Schwarzenegger*, 560 F.3d 976, 981 (9th Cir. 2009) (dismissing an appeal from a contempt order based on the "ordinary rule that contempt orders are not appealable until sanctions are imposed"); *United Airlines, Inc. v. U.S. Bank N.A.*, 406 F.3d 918, 923 (7th Cir. 2005) ("[A] bare declaration of contempt, without consequences, is neither a final order nor within the scope of mandamus power."); *S.E.C. v. Hickey*, 322 F.3d 1123, 1127–28 (9th Cir. 2003) (a district court's order that gives the contemnor the opportunity to purge his contempt is not final); *S.E.C. v. Naftalin*, 460 F.2d 471, 475 (8th Cir. 1972) (dismissing an appeal as non-final because the district court had "merely ma[de] an adjudication that a contempt ha[d] been committed, but had imposed "[n]o sentence or sanction"); *cf. Am. St. Gobain*

*Corp. v. Armstrong Glass Co.*, 418 F.2d 571 (6th Cir. 1969) (dismissing an appeal from a district court's order—300 F. Supp. 419 (E.D. Tenn. 1969)—finding the defendant in contempt and referring the calculation of its fine to a Special Master).

Because Mr. Miller complied with the district court's order and withdrew his clients' offending pleading, the district court did not impose any sanctions. *See* Contempt Order, RE 312, Page ID # 6012 (explaining that the Court would set a hearing "to discuss appropriate sanctions" if the *Gray* plaintiffs didn't comply). The Order, therefore, is not "final" within the meaning of Section 1291, so this Court does not have jurisdiction over this appeal.

## CONCLUSION

For the foregoing reasons, Midland respectfully requests that this Court affirm the district court's order or, in the alternative, dismiss this appeal for want of jurisdiction.

Dated: January 12, 2017                Respectfully Submitted,

                                       s/ Amy M. Gallegos
                                       Amy M. Gallegos


                                       JENNER & BLOCK LLP
                                       RICHARD L. STONE
                                       AMY M. GALLEGOS
                                       633 WEST 5TH STREET, SUITE 3600

LOS ANGELES, CA 90071
(213) 239-5100

DYKEMA GOSSETT PLLC
THEODORE W. SEITZ (P60320)
201 TOWNSEND STREET, SUITE 900
LANSING, MI 48933
(517) 374-9149

COUNSEL FOR APPELLEES

## CERTIFICATION OF COMPLIANCE

1.      This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B)(i) because this brief contains 7,557 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and Circuit Rule 32(b)(1).

2.      This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced font using Microsoft Office Word 2013 in 14 point Times New Roman font.


Dated: January 12, 2017                    s/ Amy M. Gallegos
                                           Amy M. Gallegos

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2017, I caused the foregoing Brief for Defendants-Appellees to be electronically filed with the Clerk of the United States Court of Appeals for the Sixth Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: January 12, 2017                    s/ Amy M. Gallegos
                                           Amy M. Gallegos

# ADDENDUM

## APPELLEES' DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

| Record Citations to *Vassalle v. Midland Funding LLC*<br>United States District Court for the Northern District of Ohio<br>Case No. 11-cv-00096 | | | |
|---|---|---|---|
| **Designation of Entry** | **Date Filed** | **Record Entry Number** | **Page ID Number** |
| Complaint | 1/17/11 | 1 | 1–14 |
| Objection to Proposed Settlement | 6/3/11 | 32 | 284–322 |
| Special Master Findings | 11/16/12 | 204 | 3241–51 |
| Class Settlement Agreement | 11/22/13 | 227-1 | 4044–65 |
| Final Approval Order | 10/14/14 | 282 | 5635–39 |
| Mot. to Enforce Injunction | 3/23/15 | 295 | 5750–68 |
| *Gray* Proposed Second Am. Cplt. | 3/23/15 | 295-1 | 5773–5864 |
| Seitz Declaration, Ex. B | 3/23/15 | 295-1 | 5866–69 |
| Request for Judicial Notice | 4/1/15 | 297-1 | 5887–88 |
| Order | 4/23/15 | 298 | 5889 |
| Opp. to Mot. to Enforce Injunction | 9/13/16 | 309 | 5981–89 |
| Reply Br. in Support of Mot. to Enforce Injunction | 9/16/16 | 310 | 5990–6003 |
| Contempt Order | 9/30/16 | 312 | 6005–12 |
| September 30, 2016 Hearing Tr. | 10/3/16 | 314 | 6015–24 |
| Certificate of Compliance | 10/5/16 | 315 | 6025–27 |
| Notice of Appeal | 10/5/16 | 316 | 6028–30 |